IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS P. ACOSTA,

        Petitioner,

    v.

BRIGETTE AMSBERRY, Superintendent,
Columbia River Correctional Institution,

        Respondent.

Civil No. 2:16-cv-02031-BR

OPINION AND ORDER

      TODD H. GROVER
      Ward Grover & Ash
      354 NE Irving Avenue
      Bend, OR  97701

        Attorney for Petitioner

      ELLEN F. ROSENBLUM
      Attorney General
      JAMES M. AARON
      Assistant Attorney General
      Department of Justice
      Salem, OR  97301

        Attorneys for Respondent

BROWN, Senior Judge.

Petitioner, an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES the Amended Petition for Writ of Habeas Corpus (ECF No. 34).

## PROCEDURAL BACKGROUND

In January 2012, a Lincoln County grand jury indicted Petitioner on sixteen different charges, including forcible sexual offenses and acts of domestic violence, all against Petitioner's girlfriend. Resp. Exh. 101. The charges were alleged to have occurred on or about December 15, 2011, in Lincoln County. Resp. Exh. 101.

While Petitioner's case was awaiting trial, the victim died in an unrelated car crash. The prosecutor moved *in limine* to be allowed to offer various hearsay statements made by the victim before her death. Following an extensive hearing on the matter, the trial judge denied the motion except as to statements allowed under Oregon Rule of Evidence 803(18)(a), which provides that a complaint of sexual misconduct is not excluded by the general prohibition on hearsay. The state then moved to dismiss ten of the sixteen charges, leaving Count 1 - Sodomy in the First Degree, Count 5 - Sexual Abuse in the Second Degree, Count 8 - Coercion, and Counts 11, 12, and 13 - Assault in the Fourth degree.

2 - OPINION AND ORDER -

The case was tried to a jury. Following the state's evidence, petitioner moved for a judgment of acquittal on all charges. The state conceded it had failed to prove Coercion, so the trial judge granted a judgment of acquittal as to Count 8. The trial judge denied the motion as to the remaining charges.

The jury found Petitioner not guilty of one of the charges of Assault in the Fourth Degree, but otherwise found him guilty of the remaining counts. The trial judge merged the verdicts of Sodomy in the First Degree and Sexual Abuse in the Second Degree into a single conviction for Sodomy, and merged the two counts of Assault in the Fourth Degree into a single conviction for one count of Assault. The court sentenced Petitioner to one year in jail for the Assault conviction and the mandatory minimum of 100 months of imprisonment for the Sodomy count, to be served consecutively.

Petitioner appealed, assigning error to the denial of his motion for judgment of acquittal. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Acosta*, 270 Or. App. 351, 350 P.3d 234, *rev. denied*, 357 Or. 743, 361 P.3d 608 (2015).

Petitioner then filed a *pro se* petition for state post-conviction relief ("PCR") alleging that his rights to confrontation and a speedy trial were violated. Resp. Exh. 108. Appointed PCR counsel concluded that the PCR petition could not be construed to state a ground for relief and could not be amended to do so. Resp.

3 - OPINION AND ORDER -

Exh. 109. The PCR trial court conducted a hearing, where Petitioner reiterated his allegations. Resp. Exh. 110, pp. 3-5. The PCR trial judge noted that the issues Petitioner was raising were ones "that should have been raised on appeal to the direct appeal after your case, not issues to be raised at post-conviction relief." Resp. Exh. 110, p. 5. The PCR court dismissed the petition as meritless under Or. Rev. Stat. § 138.525. Resp. Exh. 111. Such a judgment is not appealable under Oregon law. Or. Rev. Stat. § 138.525(3).

Petitioner then filed a habeas corpus action in this Court. In his Amended Petition, he alleges twelve grounds for relief:

Ground One: Petitioner was denied his right to a speedy trial;

Ground Two: The state failed to offer constitutionally sufficient evidence that Petitioner was the perpetrator, that venue in Lincoln County was appropriate, and of the essential elements of the crimes charges;

Ground Three: The admission of certain evidence violated Petitioner's right to confront, cross-examine, and compel witnesses;

Ground Four: Petitioner was denied the right to an impartial jury due to publicity before and during the trial;

Ground Five: Ineffective assistance of trial and appellate counsel;

Ground Six: Petitioner was denied his right to be heard when the trial court did not sufficiently inquire into concerns Petitioner had with his attorney;

Ground Seven: The state knowingly proffered or failed to correct false testimony;

Ground Eight: The state violated Petitioner's due process rights when the prosecutor made prejudicial statements in closing argument;

Ground Nine: The state failed to turn over exculpatory evidence;

Ground Ten: Petitioner was denied his right to present a complete defense;

Ground Eleven: Petitioner is actually innocent; and

Ground Twelve: Petitioner was denied due process due to "cumulative errors" during the trial.

Respondent argues Petitioner provides no argument in support of some of his claims of ineffective assistance of counsel alleged in Ground Five, and that Petitioner argues claims of ineffective assistance that are not alleged in the Amended Petition. Respondent also argues Petitioner procedurally defaulted the claims alleged in Ground One, part of Ground Two, and Grounds Three through Ten, and that Petitioner has not established an excuse for his procedural default. Respondent argues "actual innocence" alleged in Ground Eleven is not a cognizable claim and that, in any event, Petitioner fails to meet the extraordinarily high burden that would apply if such a claim were cognizable. Finally, Respondent argues Petitioner has not established "cumulative error" as alleged in Ground Twelve.

## **DISCUSSION**

I. **Claims Alleged in the Amended Petition But Not Addressed in Petitioner's Brief and Claims Addressed in Petitioner's Brief But Not Alleged in the Amended Petition**

In Ground Five, Petitioner alleges eight claims of ineffective assistance of trial counsel and three claims of ineffective assistance of appellate counsel:

> Petitioner was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when:

> (a) trial counsel failed to: (i) make appropriate objections and challenges during voir dire and trial, including, but not limited to, those based on concerns relating to juror impartiality, pre-trial publicity, and venue; (ii) investigate, including but not limited to interviewing or engaging, and calling at trial, important witnesses and experts, and failing to timely and adequately obtain discovery, including medical records; (iii) make timely and appropriate motions, including but not limited to a motion pursuant to OEC 412, for judgment of acquittal based on the State's failure to prove Lincoln County was the appropriate venue, for change of venue, and for dismissal; (iv) seek the admission of relevant, admissible evidence and object to or exclude inadmissible, irrelevant or prejudicial evidence proffered by the State; (vi) [sic] maintain a coherent defense strategy; (vii) adequately confer with Petitioner; (viii) effectively prepare for, cross-examine, and impeach the State's witnesses at trial, including failing to make effective use of impeachment witnesses and investigation available at the time of trial; and (ix) effectively perform at sentencing.

> (b) appellate counsel failed to raise on appeal that the trial court erred in denying the motions for change of venue and dismissal for pre-indictment delay, and in ruling on evidentiary objections.

In his Memorandum of Law in Support of Habeas Corpus Relief, Petitioner argues trial counsel was ineffective in failing to: (1)

6 - OPINION AND ORDER -

confer with him and investigate hospital records; (2) press for a change of venue; (3) pursue a reasonable trial strategy; (4) object to admission of the victim's out-of-court statements; and (5) object to improper statements in the prosecutor's closing argument. He also argues that appellate counsel was ineffective in failing to raise: (1) the speedy trial issue; (2) the exclusion of defense evidence; (3) the admission of statements Petitioner made to police while officers seized his DNA; and (4) alleged misconduct by the prosecutor in the closing argument.

To the extent Petitioner argues claims that are not alleged in the Amended Petition, the Court does not consider those claims as they are not properly asserted. Specifically, the Court declines to consider Petitioner's argument that trial counsel should have objected to improper statements in the prosecutor's closing argument and that appellate counsel should have assigned error to the trial court's failure to strike those statements *sua sponte*.

Rule 2 of the Rules Governing Section 2254 cases provides that a habeas corpus petition must "specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge" and "the facts supporting each ground[.]" Rule 2(c) is clear that claims for relief must be presented in the petition. The claims described which Petitioner argued in his brief are not alleged in his Petition; they are separate claims of ineffective assistance of

counsel. *See Carriger v. Stewart*, 971 F.2d 329, 333-34 (9th Cir. 1992) (en banc) (ineffective assistance of counsel claims are discrete). As such, the claims need not be considered. *See Green v. Henry*, 302 F.3d 1067, 1070 n. 3 (9th Cir. 2002) (claims not alleged in the petition need not be considered); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (additional habeas grounds for relief may not be included in supporting memorandum but must instead be presented in an amended petition).[1]

To the extent Petitioner alleges claims of ineffective assistance of trial and appellate counsel in his Petition which he does not address in his brief in support thereof, Petitioner has not sustained his burden of demonstrating why he is entitled to relief on his unargued claims. *See Lampert v. Blodgett*, 393 F.3d 943, 970 n. 16 (9th Cir. 2004) (petitioner bears burden of proving his case); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2003) (same). Nevertheless, the Court has reviewed Petitioner's unargued claims and is satisfied that Petitioner is not entitled to relief on the remaining claims alleged in his Petition for Writ of Habeas Corpus.

## II. **Procedurally Defaulted Claims**

As noted, Respondent contends that Petitioner procedurally defaulted the claims alleged in Ground One, part of Ground Two, and

---

[1]In any event, as discussed below, Petitioner procedurally defaulted these claims.

Grounds Three through Ten. In his Reply Brief, Petitioner concedes that the three claims of trial error alleged in Grounds Three, Eight, and Ten are procedurally defaulted, but argues that those defaults should be excused by the ineffective assistance of appellate counsel.

## A.    Legal Standards

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).

If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In this respect, a petitioner is deemed to have "procedurally defaulted"

his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

### B. Grounds Three, Eight, and Ten

In Grounds Three, Eight and Ten, Petitioner alleges claims of trial error: the trial court erred in admitting various pieces of evidence; the state violated due process by making prejudicial statements in closing argument; and the trial court denied Petitioner's right to present a complete defense. Petitioner concedes these claims are procedurally defaulted, but argues the defaults should be excused by the alleged ineffective assistance of appellate counsel. Petitioner acknowledges that, in order to serve as cause and prejudice to excuse the defaults of his trial error claims, he must properly exhaust the underlying claims of ineffective assistance of appellate counsel, which he admittedly failed to do. Petitioner argues that the procedural default of his

ineffective assistance of appellate counsel claims may be excused under *Martinez v. Ryan*, 566 U.S. 1, 9 (2012).

Traditionally, the performance of PCR counsel could not be used to establish cause and prejudice to excuse a procedural default. *Coleman*, 501 U.S. at 753-54 (only the constitutionally ineffective assistance of counsel constitutes cause); *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987) (there is no constitutional right to counsel in a PCR proceeding). However, in *Martinez*, the Supreme Court found "it . . . necessary to modify the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Id* at 8. The Supreme Court concluded, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*.

*Martinez* only applies, however, where the defaulted claim is one of ineffective assistance of trial counsel; it does not apply when a petitioner seeks to excuse a procedural default of any other type of claim for relief, including claims of ineffective assistance of appellate counsel. *Martinez*, 566 U.S. at 17-18; *Davila v. Davis*, 137 S. Ct. 2058, 2069 (2017). In *Davila*, the Supreme Court specifically noted the "domino effect" that could occur if *Martinez* were extended: "Prisoners could assert their postconviction counsel's inadequacy as cause to excuse the default

11 - OPINION AND ORDER -

of their appellate ineffectiveness claims, and use those newly reviewable appellate ineffectiveness claims as cause to excuse the default of their underlying claims of trial error." *Id.* Allowing such "could ultimately knock down the procedural barriers to federal habeas review of nearly any defaulted claim of trial error." *Id.*

Petitioner's argument is the exact "domino effect" rejected in *Davila.* Accordingly, Petitioner has not established cause and prejudice excusing his procedural default of the claims alleged in Grounds Three, Eight, and Ten.

### C.    Remaining Procedurally Defaulted Claims

Petitioner does not offer any argument why his procedural default should be excused as to Grounds Two (venue), Four, Six, Seven, or Nine, and none is apparent on the record before the Court. Accordingly, Petitioner cannot obtain habeas corpus relief on these claims. *See Murray*, 477 U.S. at 494 (petitioner bears the burden of proving both cause and prejudice).

Petitioner does argue that the procedural default of his ineffective assistance of trial counsel claims were caused by the ineffective assistance of his PCR counsel, and that this Court should therefore excuse the defaults of the claims alleged in Ground Five under *Martinez.* For the *Martinez* exception to apply, a petitioner must show that PCR counsel "was ineffective under the standards of *Strickland v. Washington* [466 U.S. 668 (1984)]," that

the underlying ineffective-assistance-of-trial-counsel claim is a "substantial" one, *i.e.*, that it has "some merit," and that the petitioner suffered prejudice. *Martinez*, 566 U.S. at 14. If the record establishes that underlying trial counsel was not ineffective under *Strickland*, PCR trial counsel "could not have been ineffective for failing to raise the ineffective assistance of counsel claim in state court." *Sexton v. Cozner*, 679 F.3d 1150, 1161 (9th Cir. 2012).

Under *Strickland*, a claim of ineffective assistance has two components: first, a petitioner must show that counsel's performance was deficient, and second, that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. Under the first part of the *Strickland* test, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The second part of the test requires petitioner demonstrates that "there is reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Here, Petitioner has not established that any of his claims of ineffective assistance of trial counsel are "substantial" or that his PCR counsel was ineffective in failing to raise them.

Petitioner argues that his trial attorney did not adequately consult with Petitioner prior to trial and did not obtain records from a hospital in Redding, California, which allegedly would have

demonstrated that the victim was not injured in late December 2011. Petitioner does not, however, offer any evidence or argument as to how further consultation could have affected the outcome of his case, or any evidence of what the hospital records contained.

Petitioner also argues that trial counsel was ineffective in failing to press for a ruling on his motion for change of venue which was based on media coverage of the trial, particularly after the victim died and the trial judge ruled he would exclude nearly all of the victim's statements. At a pretrial hearing on the motion, trial counsel conceded that a ruling would not be proper before voir dire, and the court left the issue open pending jury selection. Following extensive voir dire which included both panel and individual examinations of the venire-persons by the trial judge, twelve jurors and four alternates were selected. It does not appear from the record that trial counsel renewed his motion for change of venue but, in any event, his failure to do so was not ineffective.[2]

Under Oregon law, the decision whether to grant a change of venue based upon pretrial publicity is left to the trial court's discretion. *State v. Rogers*, 313 Or. 356, 363, 836 P.2d 1308 (1992). When the trial is not a "media circus such as would have prevented [a defendant] from receiving a fair trial" and the jury is not exposed to information leading to "such fixed opinions that

---

[2]The individual voir dire examinations were not transcribed.

they could not judge impartially the guilt of the defendant," it is not an abuse of discretion to deny a motion for change of venue. *Id.* at 364-65 (internal quotation marks omitted). The federal standard is comparable, as the Supreme Court has made clear that it requires an exceptionally high showing of community prejudice for a motion to change venue to be constitutionally required. *See Skilling v. United States*, 561 U.S. 358 (2010) (holding that the intense media coverage of Enron CEO Jeffrey Skilling's crimes and subsequent trial did not rise to the level necessary to raise a presumption of juror prejudice and that voir dire effectively assuaged any possibility of "actual prejudice").

Here, Petitioner does not establish why a motion for change of venue would have been granted had trial counsel renewed his request following voir dire. Petitioner has not established that the publicity was sufficient to raise a presumption of juror prejudice or the existence of actual prejudice. Accordingly, Petitioner has not established that this claim is a "substantial" one for the purposes of *Martinez*, and his procedural default is not excused.

Petitioner also argues that trial counsel's strategy to limit the evidence available to jury and in an attempt to prevent the jury from finding beyond a reasonable doubt that Petitioner committed the charged offenses was unreasonable. Petitioner does not, however, identify any alternative strategy or explain why trial counsel should have chosen it. In light of the evidence, as

discussed more fully below, challenging the state's burden of proof was a plausible line of defense available to trial counsel, and petitioner has not established prejudice as a result of the failure to choose an alternative strategy. Accordingly, Petitioner has not established a "substantial" claim to excuse his procedural default under *Martinez*.

### III. Relief on the Merits

In Ground Two, Petitioner alleges there was insufficient evidence to prove his guilt beyond a reasonable doubt. Specifically, Petitioner alleges the state failed to introduce sufficient evidence to support a finding that he sexually or physically assaulted the victim, or that any such assault occurred in Lincoln County.[3] As noted, the state courts denied relief on this claim.

### A. Legal Standards

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). A

---

[3]In his Memorandum of Law Petitioner does not submit any argument on this claim other than to note that he relies on the arguments made to the trial and appellate courts.

state court's findings of fact are presumed correct and a habeas petition bears the burden of rebutting the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially distinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief only "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id.* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id.* at 409.

"Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). Where a state court's decision is not accompanied by an

explanation, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* Where, however, the highest state court decision on the merits is not accompanied by reasons for its decision but a lower state court's decision is so accompanied, a federal habeas court should "look through" the unexplained decision to the last related state-court decision that provides a relevant rationale, and presume the unexplained decision adopted the same reasoning. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

### B. Analysis

"[E]vidence is sufficient to support a conviction whenever, 'after viewing the evidence in light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (emphasis added) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Cavazos v. Smith*, 565 U.S. 1, 6 (2011). This standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319; *see also Cavazos*, 565 U.S. at 4 (holding that "[i]t is the responsibility of the jury-not the court-to decide what conclusions should be drawn from evidence admitted at trial"); *Long v. Johnson*, 736 F.3d 891, 896 (9th Cir. 2013) (holding that the court must

18 - OPINION AND ORDER -

respect the exclusive province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts), *cert. denied*, 134 S. Ct. 2843 (2014).

"[A] state-court decision rejecting a sufficiency challenge may not be overturned on federal habeas [review] unless the 'decision was objectively unreasonable.'" *Parker*, 567 U.S. at 43 (quoting *Cavazos*, 565 U.S. at 4). This Court must resolve doubts about the evidence in favor of the prosecution and examine the state court decisions through the deferential lens of 28 U.S.C. § 2254(d). *See Long*, 736 F.3d at 896 (explaining that a habeas court owes a "double dose" of deference when reviewing a state court ruling on sufficiency of the evidence); *Gonzales v. Gipson*, 701 F.Appx. 558, 559 (9th Cir. 2017) (same). Under this doubly deferential standard, to grant relief a court "must conclude that the state court's determination that a rational jury could have found that there was sufficient evidence of guilt, *i.e.*, that each required element was proven beyond a reasonable doubt, was objectively unreasonable." *Boyer v. Belleque*, 659 F.3d 957 (9th Cir. 2011).

The evidence presented at trial, considered as a whole, would readily allow a rational juror to find beyond a reasonable doubt that Petitioner committed the crimes charged. Uncontradicted evidence showed Petitioner was living with the victim in her loft

above her store in Lincoln County on December 15 and 16, 2011. Petitioner was seen in the victim's store the afternoon of December 15 while the victim was out with a friend, and Petitioner appeared to be mad. The victim and her shop appeared normal on the afternoon of December 15 when the victim's mother and another witness were in the store. The victim was physically and sexually assaulted sometime later that day and night. On the morning of December 16, the victim's mother arrived at the shop to find the victim battered and upset. The victim's mother could hear Petitioner upstairs in the loft (although she did not see him at that time) and she did not see anyone else in the store.

No evidence in the case suggested the victim was anywhere other than her shop and loft between the afternoon of December 15 and the morning of December 16, and no evidence suggested the victim was with anyone else during that period or that anyone other than the Petitioner was with her or that Petitioner spent that night elsewhere. This evidence is more than sufficient to allow a rational trier of fact to infer that Petitioner and the victim were alone together at her shop/loft during that period, and a rational trier of fact could readily deduce that Petitioner was the one who assaulted the victim.

Moreover, shortly after the victim was assaulted, Petitioner contacted two witnesses by phone and in text messages in an effort to get them to "tell [the victim] I'm sorry," and that he wanted to

20 - OPINION AND ORDER -

talk to the victim and tell her he "was sorry for what he had done." Tr. 424-25, 428-34. Petitioner handed his phone to one of the witnesses, who noticed that Petitioner and his hands smelled strongly of "sex," and "female parts," and "ass." Tr. 580-81. The next day, that same witness saw the victim and noticed that she had black eyes, was bruised, "and it looked like she had been crying all night." Tr. 582-83. In addition, two witnesses testified that the victim had told them that she had been "anally raped" and "raped in the butt." Tr. 550, 611-13.

The evidence in the record is more than sufficient to allow a rational trier of fact to infer that between the afternoon of December 15 and the morning of December 16, that Petitioner sexually and physically assaulted the victim. The trial court's denial of Petitioner's motion for judgment of acquittal was not objectively unreasonable and is entitled to deference. Accordingly, Petitioner is not entitled to habeas corpus relief on his insufficiency of the evidence claim.

## IV. Actual Innocence (Ground Eleven)

In Ground Eleven, Petitioner alleges a freestanding claim of actual innocence. The Supreme Court has left open the question whether a freestanding claim of actual innocence is cognizable on federal habeas review. *See District Attorney's Office v. Osborne*, 557 U.S. 52, 71 (2009) (whether federal constitutional right to be released upon proof of "actual innocence" exists "is an open

question"). The Ninth Circuit has assumed without deciding that freestanding actual innocence claims are cognizable in both capital and non-capital cases. *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (en banc). A defendant "asserting a freestanding innocence claim must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent." *Id.* (citing *Herrera v. Collins*, 506 U.S. 390, 442-44 (1993) (Blackmun, J., dissenting)). The petitioner's burden in such a case is "extraordinarily high" and requires a showing that is "truly persuasive." *Id.* (quoting *Herrera*, 506 U.S. at 417); *see also Spivey v. Rocha*, 194 F.3d 971, 979 (9th Cir. 1999) (denying habeas relief where "the totality of the new evidence [did] not undermine the structure of the prosecution's case").

Here, Petitioner has not presented evidence establishing that he is actually innocent of the crimes of conviction. As discussed above, the record demonstrates that a reasonable jury could readily find Petitioner guilty of the crimes of conviction. Accordingly, Petitioner is not entitled to habeas corpus relief on the claim alleged in Ground Eleven.

**V. Cumulative Error (Ground Twelve)**

Finally, in Ground Twelve, Petitioner alleges that "cumulative errors" during his trial denied him his right to due process. In some cases, although no single trial error is sufficiently prejudicial to warrant reversal, the cumulative effect of several

errors may still prejudice a petitioner so much that his conviction must be overturned. *See Alcala v. Woodford*, 334 F.3d 862, 893-95 (9th Cir. 2003) (reversing conviction where multiple constitutional errors hindered petitioner's efforts to challenge every important element of proof offered by prosecution). For the reasons set forth above, however, the Court finds no constitutional error exists, let alone multiple errors. Where there is no single constitutional error, nothing can accumulate to the level of a constitutional violation. *Hayes v. Ayers*, 632 F.3d 500, 524 (9th Cir. 2011).

### CONCLUSION

For these reasons, the Court DENIES the Amended Petition for Writ of Habeas Corpus and DISMISSES this action. The Court DENIES a certificate of appealability.

IT IS SO ORDERED.

DATED this _7th_ day of August, 2019.

_____
ANNA J. BROWN
United States Senior District Judge